UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROASSURANCE CASUALTY
COMPANY,

    Plaintiff,

v.                                Case No:   2:19-cv-892-FtM-38NPM

ASIF CHOUDHURRY, M.D. and
ASIF CHOUDHURRY, M.D., P.A.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment against Asif Choudhurry and Asif Choudhurry, M.D., P.A. (Doc. 19). Proassurance Casualty Company ("Proassurance") claims that it does not have a duty to defend (beyond a maximum of $100,000 under certain circumstances) or a duty to indemnify the Defendants in related state-court actions against them. (*Id.*, p. 1-2). The Clerk entered a default against the Choudhurry Defendants (Doc. 17), and Proassurance now seeks a default judgment against them. (*Id.*).[1] While the Choudhurry Defendants did not respond to the motion, it is inadequate and must be denied.

Under Local Rule 3.01(a), a motion must contain not only a concise statement of the requested relief, but also "a statement of the basis for the request,

---

[1] Proassurance filed a Notice of Dismissal Without Prejudice as to Defendants Vicki Quinn, Timothy Quinn, and Darlene Niemeyer. (Doc. 18). The Court dismissed these Defendants and a Judgment (Doc. 21) was entered as to them. The only remaining Defendants are Asif Choudhurry and Asif Choudhurry, M.D., P.A.

and a memorandum of legal authority in support of the request." Here, Proassurance merely recited a procedural history of the case and then identified the relief it requested. To grant relief, the Court needs more.

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-1245 (11th Cir. 2015) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts that are not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

As a result, Plaintiff must set forth the elements of each claim by citation to legal authority and then explain how the facts as alleged in the Complaint (Doc. 1)

support these elements and the relief requested. In addition, the instant case appears to be related to the outcome of at least three state-court actions. Specifically, Vicki Quinn and Thomas Quinn and separately Darlene Niemeyer sued Defendants in state court. (Doc. 19, p. 2). And apparently criminal charges were brought against Asif Choudhurry that may relate to the relief requested in this action. (*Id.*). Proassurance did not include any mention of the status or outcome of these related matters and whether the outcomes affected this action.

For these reasons, the Court **DENIES without prejudice** the Motion for Default Judgment Against Asif Choudhurry and Asif Choudhurry, M.D., P.A. (Doc. 19). Proassurance has leave to file an amended motion.

**DONE** and **ORDERED** in Fort Myers, Florida on October 6, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE