UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROASSURANCE CASUALTY
COMPANY,

        Plaintiff,

v.                                         Case No. 2:19-cv-892-FtM-38NPM

ASIF CHOUDHURRY and ASIF
CHOUDHURRY, M.D., P.A.,

        Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Second Motion for Default Judgment Against Asif Choudhurry and Asif Choudhurry, P.A. (Doc. 23). ProAssurance Casualty Company ("ProAssurance") claims it does not have a duty to defend or indemnify the two remaining Defendants, Asif Choudhurry and Asif Choudhurry, P.A.[2] in two civil tort cases that alleged sexual misconduct and that have since been settled. (*Id.*,

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

[2] ProAssurance filed a Notice of Dismissal Without Prejudice as to Defendants Vicki Quinn, Timothy Quinn, and Darlene Niemeyer. (Doc. 18). The Court dismissed these Defendants and a Judgment (Doc. 21) was entered as to them. The only remaining Defendants are Asif Choudhurry and Asif Choudhurry, M.D., P.A.

pp. 1-2). In short, ProAssurance seeks a declaratory judgment that there is no insurance coverage for the two civil cases. (*Id.*, pp. 2, 6).[3]

Defendants have not appeared in this case. Upon motion (Doc. 13), the Clerk entered a default against the Defendants (Doc. 17) and mailed them copies of the default. ProAssurance then sought a default judgment (Doc. 19), which this Court denied without prejudice as inadequate (Doc. 22). ProAssurance filed a Second Motion for Default Judgment (Doc. 23), correcting its previous deficiencies. Defendants did not respond to the motion. For the following reasons, the Court recommends that the Second Motion for Default Judgment (Doc. 23) be granted.

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* A

---

[3] ProAssurance does not seek any monetary damages. (Doc. 23, p. 2).

defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

The underlying civil and criminal cases against Dr. Choudhurry concerned allegations that Dr. Choudhurry sexually assaulted two incapacitated female patients during separate colonoscopy procedures. (Doc. 1, ¶¶ 10-14; Doc. 23, p. 2; Doc. 23-1). On January 14, 2020, Dr. Choudhurry pleaded guilty to sexual battery, which the court accepted. The court adjudicated Dr. Choudhurry guilty on one count of sexual battery, a second-degree felony, and sentenced him accordingly. (Doc. 23, p. 2; Doc. 23-1, pp. 5-9). The two underlying civil suits were filed in the Circuit Court of the 20th Judicial Circuit in Lee County. (Doc. 23, p. 2). Both cases (Case Nos. 18-CA-000359, 18-CA-00037) were dismissed by order on February 21, 2020 because they were resolved and settled in a confidential manner. (*Id.*; Doc. 23-2).

ProAssurance, insurer to Asif H. Choudhurry, M.D., P.A., was not a party to any agreements. (Doc. 23, p. 2; Doc. 1 ¶ 15, pp. 65, 70). The settlement agreements also did not address the application of insurance to the claims and did not preclude Defendants from seeking insurance coverage. (Doc. 23, p. 2). Therefore, ProAssurance initiated this suit, seeking declaratory judgment that it has no duty to

defend or indemnify pursuant to the insurance policy (Policy No. MP52165). (Doc. 1, ¶¶ 20-26; Doc. 23, pp. 2-3).

Under Florida law, an insurer's duty to defend "is governed by the terms of the policy and the allegations of the complaint [against the insured]." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1311 (M.D. Fla. 2011), *aff'd*, 504 F. App'x 851 (11th Cir. 2013) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 536 (Fla. 1977)). More specifically, if "the allegations in the complaint alleging a claim against the insured either are acts not covered by the policy or are excluded from the policy's coverage, the insurer is not obligated to defend or indemnify the insured." *Transcontinental Ins. Co. v. Ice Sys. of Am., Inc.*, 847 F. Supp. 947, 949-50 (M.D. Fla. 1994) (internal citations omitted).

The insurance policy at issue here defines "Professional incident" to include "a single act or omission, or a series of related acts or omissions during a continuing course of professional services…." (Doc. 1, p. 73). It further defines "Professional services" to mean "the provision of medical or dental services to a patient of an insured…." (*Id.*). Moreover, the policy explicitly provides that the insurer will not pay damages and will have no duty to defend for any claim or suit alleging liability "arising out of any … criminal, malicious, or intentionally wrongful act or omission, including but not limited to liability arising in whole or in part out of sexual activity,

4

or acts in furtherance of sexual activity, whether under the guise of professional services or not." (Doc. 1, p. 74 (Section III.C)).

The Court finds that the plain language of the policy excludes coverage for instances of sexual assault. *See Lindheimer v. St. Paul Fire & Marine Ins. Co.*, 643 So. 2d 636, 639 (Fla. Dist. Ct. App. 1994) (holding "that the everyday, common meaning of 'professional services' in a professional liability policy does not include sexual assaults by dentists on their patients"). ProAssurance has pleaded plausible facts showing that it is entitled to declaratory judgment against the Defendants. *See also id.* (affirming grant of declaratory judgment for dentist's professional liability insurer that dentist's sexual assault of patient was not covered by policy). Therefore, the Court finds a sufficient basis in the pleadings for a declaratory judgment by default.

It is respectfully recommended:

1) Plaintiff's Second Motion for Default Judgment (Doc. 23) be **GRANTED** and a default judgment be entered in favor of Plaintiff ProAssurance and against Defendants Asif Choudhurry and Asif Choudhurry, P.A.; and

2) Declaratory judgment be entered that makes the following declaratory findings:

   In regard to the lawsuit filed by Vicki Quinn and Thomas Quinn in the Circuit Court of the 20th Judicial Circuit, in and for Lee County, Florida, Case No18-CA-000377; and the lawsuit filed by Darlene Niemeyer in the Circuit Court

of the 20th Judicial Circuit, in and for Lee County, Florida, Case No. 18-CA-000359:

(1) ProAssurance Casualty Company has no duty under Insurance Policy No. MP52165 to indemnify Asif Choudhurry and Asif Choudhurry, P.A., or any other person or entity.

(2) ProAssurance Casualty Company has no duty under Insurance Policy No. MP52165 to defend Asif Choudhurry and Asif Choudhurry, P.A., or any other person or entity beyond the maximum of $100,000.00 in costs, expenses, and attorney fees for all such claims first reported during the policy period, until such time as the insured is adjudicated to have committed, or pleads guilty to, an act or omission arising out of fraudulent, criminal, malicious, or intentionally wrongful act or omission, including but not limited to liability arising in whole or in part out of sexual activity, or acts in furtherance of sexual activity, whether under the guise of professional services or not.

Reported in Fort Myers, Florida on December 21, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**